IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WINSTON KEMPER,                                )      No. C 09-0320 JSW (PR)
                                               )
                    Plaintiff,                 )      **ORDER OF DISMISSAL**
                                               )
        vs.                                    )
                                               )
SUPERIOR COURT OF ALAMEDA                      )
COUNTY, et al.,                                )
                                               )
                    Defendants.                )
_____            )

        Plaintiff, a prisoner of the State of California currently incarcerated at Pleasant

Valley State Prison in Susanville, California, has filed a pro se civil rights complaint

under 42 U.S.C. § 1983.  The Court now reviews the complaint under 28 U.S.C. §

1915A(a) and DISMISSES the complaint for the reasons set forth below.

                                    **DISCUSSION**

        Plaintiff's complaint is brief and does not include much detail.  However, it is

clear from the complaint that Plaintiff is alleging that various actors violated his rights

during the course of the criminal prosecution that resulted in his current incarceration.

Plaintiff has a pending habeas corpus petition in this Court under Case No. C: 07-4666

JSW (PR).

        In the instant action, Plaintiff alleges that on the day he was arrested, the

Emeryville Police Department failed to investigate and locate "several percipient

witnesses who could have exonerated me of this crime."  Plaintiff also complains that

the public defender's office failed to adequately investigate.  Plaintiff further alleges

that "I was illegally attacked and accused of stealing statues by private citizen David

Harris."  Plaintiff further claims that Folsom Prison previously "refused to give me my

money upon my release," making his present arrest foreseeable.

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Plaintiff's Complaint

There are a number of problems with Plaintiff's complaint. First of all, Plaintiff has sued a private individual, witness Harris. A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Therefore, his claim against David Harris fails to state a claim for relief.

Similarly, with regard to his claim against the public defender's office, attorneys in private practice are not state actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law. *See Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Briley v.*

*California*, 564 F.2d 849, 855-56 (9th Cir. 1977).  And claims for legal malpractice do not come within the jurisdiction of the federal courts.  *See Franklin*, 662 F.2d at 1344. Therefore, his claims against the office of the public defender fail to state a claim for relief.

With regard to his claims against the police for failure to investigate his case, Plaintiff has filed a § 1983 action when the criminal charges about which he complains have not been reversed or otherwise invalidated.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

This court should not stay any § 1983 claim for damages implicating the validity of a criminal conviction or sentence until criminal proceedings are completed. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).  *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  *Heck*, 512 U.S. at 489-90 (footnote omitted).  Any such claim is not cognizable and therefore should be dismissed.  *See Edwards*, 520 U.S. at 649; *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 (9th Cir. 2004) (claims for damages were not cognizable at the time of the district court's ruling which occurred prior to the Ninth Circuit's grant of habeas relief); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).  Therefore, his claim against the police must be

dismissed.

With regard to any claim against Folsom Prison, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). This Eleventh Amendment immunity extends to suits against a state agency, *see, e.g., Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees). Because the complaint fails to state a valid claim for relief, the action must be DISMISSED.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED without prejudice. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: <u>February 2, 2009</u>

_____
JEFFREY S. WHITE
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WINSTON KEMPER,

          Plaintiff,

  v.

ALAMEDA COUNTY SUPERIOR COURT et al,

          Defendant.

_____/

Case Number: CV09-00320 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Winston Kemper B-64476
Pleasant Valley State Prison
CA Correctional Center
P.O. Box 8500
Susanville, CA 96127-2210

Dated: February 2, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk